UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NEW ORLEANS WORKERS' CENTER FOR RACIAL JUSTICE, | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 20-1825 (RBW) |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF LABOR, et al., | ) ) ) | |
| Defendants. | ) ) | |

### GENERAL ORDER FOR CIVIL CASES BEFORE
### THE HONORABLE REGGIE B. WALTON

This General Order applies to all cases assigned to the civil calendar of Judge Reggie B. Walton.  Accordingly, it is hereby

**ORDERED** that counsel and pro se litigants (collectively, "counsel") shall treat each other and those involved in the case, including witnesses, with dignity, respect, and civility, both in court and out of court.  All counsel must advise their clients of this mandate.  It is further

**ORDERED** that all counsel must familiarize themselves with and comply with this Order, as well as the most recent iterations of the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Columbia.[1]  It is further

**ORDERED:**

1. **Service of the Complaint.**  The plaintiff shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and shall file the proof(s) of service with the Court.  If the

---

[1] The Local Civil Rules are available at http://www.dcd.uscourts.gov/dcd/local-rules.  Further, as used in this Order, the term "days" shall be construed consistent with the Federal Rules of Civil Procedure.

1

plaintiff fails to serve properly a copy of the complaint in the time prescribed by Rule 4, the action may be dismissed.

**2. <u>Amended Pleadings</u>.** Any amended pleadings shall be accompanied by a redline comparison of the original and amended pleading.

**3. <u>Communications with Chambers</u>.** <u>Ex parte</u> communications with the Court and its law clerks are inappropriate and will not be tolerated. Counsel shall not contact the Court or chambers except as follows:[2]

**(a)** counsel may contact the Courtroom Deputy Clerk, Mr. Harold Smith, at (202) 354-3163, with appropriate scheduling inquiries about the case;

**(b)** counsel may contact the Court Reporter, Cathryn Jones, at (202) 354-3246, with inquiries regarding transcripts for in-court, or otherwise transcribed, proceedings; and

**(c)** counsel may contact chambers, at (202) 354-3290, if:

**(1)** the Court first initiates contact with counsel and a response is requested;

**(2)** counsel have an inquiry that is strictly procedural in nature;[3]

**(3)** counsel need to inform the Court of an actual emergency; or

**(4)** counsel are inquiring about an unresolved motion that has been pending for more than nine (9) months.[4]

---

[2] Any contact by counsel should include counsel for all parties. Failure to comply with this provision will be viewed with extreme disfavor by the Court.

[3] Chambers may not provide legal advice. Chambers also cannot assist with questions regarding CM/ECF; any such inquiries should be made to the CM/ECF Help Line (202-354-3190). A <u>pro se</u> party may obtain a CM/ECF password from the Clerk of the Court with leave of Court. To obtain leave of Court, the <u>pro se</u> party must file a written motion entitled "Motion for CM/ECF Password," describing the party's access to the internet and confirming the party's capacity to file documents and receive the filings of other parties electronically on a regular basis. If leave of Court is granted, the <u>pro se</u> party must complete the CM/ECF training provided by the Clerk of the Court to all electronic filers before the Clerk of the Court issues a CM/ECF password.

[4] This communication merely serves as a reminder to chambers that a motion has been pending for an extended period of time. However, chambers will not comment on the merits of the pending motion or when the motion will be resolved.

4. **<u>Filings Generally</u>**.

    **(a)** The margins for all filings shall be set at one inch and all text in the main body must be double-spaced and in twelve-point Times New Roman font, while all footnotes must be single-spaced (but double-spaced between each footnote) and in ten-point Times New Roman font.

    **(b)** The parties are highly discouraged from using uncommon acronyms. If uncommon acronyms cannot be avoided, then they shall be defined upon first usage of the acronyms. If the Court's restriction on the use of acronyms will result in an inability to conform to the page limitations of Local Civil Rule 7(e), a party may file a motion for excess pages.

    **(c)** The parties are strongly encouraged to reference the parties as "the plaintiff" or "the plaintiffs" and "the defendant" or "the defendants," respectively.

    **(d)** Each submission that attaches more than one exhibit shall contain an index of exhibits. Exhibits shall be edited properly to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

    **(e)** The parties are instructed to provide a courtesy copy of any filing that exceeds twenty (20) pages, including exhibits and, if applicable, the administrative record, to the Court's chambers upon filing. Exhibits in courtesy copies shall be tabbed for ease of reference. The Court may also contact parties if a courtesy copy of any particular submission is required.

5. **<u>Motions Generally</u>**.

    **(a)** All motions must be accompanied by a proposed order setting forth the relief or action sought with specificity. <u>See</u> LCvR 7(c).

    **(b)** Any motion or opposition that does not comply with Local Civil Rule 7, unless otherwise indicated below, will be <u>sua sponte</u> denied. For example, the Court will summarily

deny motions that are subject to Local Civil Rule 7(m), but do not contain the requisite statement.

**(c)**     Every memorandum of points and authorities that is ten (10) pages or more in length must contain a Table of Contents and Table of Authorities, regardless of whether it is filed in support of or in opposition to a motion.  Filings shall include a page number on the bottom of each page.[5]

**(d)**     Page limitations are prescribed in Local Civil Rule 7(e).  Only in rare instances, and for good cause shown, will these page limitations be waived by the Court.  Counsel are cautioned not to attempt to circumvent these page limitations through extensive use of lengthy footnotes.  The caption, signature blocks, and any required tables, shall not count toward these limits.  Counsel may not file a sur-reply without first requesting leave of the Court.

**(e)**     If a party fails to oppose a motion, the Court may treat the motion as conceded.  Similarly, if a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded.

**(f)**     Further, the Court requires that the parties file motions, whether consented to or not, rather than stipulations.  Failure to comply with the federal and local civil rules or this Order may result in rejection of any request.

**6. Appearances in Court.**  All courtroom proceedings, unless otherwise indicated, will be conducted in Courtroom 16 on the 6th floor of the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.  Non-courtroom conferences and meetings will be held in Judge Walton's chambers unless otherwise specified.  Counsel with authority to make scheduling decisions must appear on behalf of the parties at all

---

[5] If a memorandum accompanies a motion, it shall be numbered independently of the numbering of the motion.  In other words, the first page of the memorandum must always begin with page one.

court appearances.  In addition, counsel must have their calendars and the calendars of any necessary and absent co-counsel available with them for possible scheduling of future events related to the case.  Counsel with settlement authority must appear at the initial scheduling conference and at the final pre-trial conference.

Further, leave to appear telephonically will be freely granted upon a showing of good cause.[6]  Counsel are strongly encouraged to appear telephonically whenever possible and must file a joint motion[7] for leave to appear telephonically at least ten (10) days prior to the scheduled hearing.[8]

**7. Initial Scheduling Conference.**  The initial scheduling conference will be scheduled within five (5) to six (6) weeks after the issuance of the initial scheduling order.  Strict compliance with the federal and local rules is required.

**(a)** The Court will issue an "Order for Initial Scheduling Conference" when the posture of the case calls for such an order.

**(b)** **Meet and Confer Statement:**

**(1)** Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(d), counsel shall meet and confer and then submit their joint Report addressing all topics listed in Local Civil Rule 16.3(c) no later than fourteen (14) days following that meeting.  Counsel are also directed to include in their joint Report the additional topics identified in the Court's "Order for Initial Scheduling Conference."

---

[6] The parties are advised that the Court considers the risks posed by the COVID-19 pandemic to constitute "good cause."

[7] If counsel for all parties do not agree to appear telephonically, the motion shall include the respective positions of the parties.

[8] If counsel cannot comply with this ten-day requirement, they must explain why they cannot do so in their motion.

**(2)**     Local Civil Rule 16.3(b) sets forth categories of proceedings that are exempted from the meet-and-confer requirements.  If the proceeding is exempt under Rule 16.3(b), counsel for both parties shall jointly prepare and submit a statement to the Court, no later than fourteen (14) days after counsel for all parties have entered an appearance in the matter, indicating whether they believe the matter will be resolved solely through the filing of dispositive motions and proposing a scheduling timeline for the filing of such motions, as well as oppositions and replies.[9]  Counsel shall also indicate in their joint statement whether they believe an appearance before the Court will be necessary prior to the resolution of any dispositive motion.

**(3)**     To the extent an administrative record is necessary for the resolution of any dispositive motion, the administrative record must be filed with the Court no later than thirty (30) days after the parties' joint statement has been submitted to the Court.  If this is not feasible, a motion for an extension of time to file the administrative record must be filed with the Court.

**8. <u>Settlement and Alternative Dispute Resolution</u>.**  In order to reduce litigation expenses and delay, and to eliminate the anxiety of trial and the risk of an unsatisfactory outcome, the parties should engage in settlement discussions as early as possible in the litigation process.  The Court is available to assist the parties in pursuing settlement.

There is a presumption that all cases will be referred for some form of alternative dispute resolution.  In considering what form of alternative dispute resolution the parties think is best suited to their case, counsel are reminded that their options include mediation (either with a private mediator or a United States Magistrate Judge), arbitration, early neutral evaluation,

---

[9] The Court encourages the parties to file this joint statement as soon as possible.  Otherwise, the Court will issue an Order setting forth when the joint submission shall be filed.

summary jury trial, or any other form of alternative dispute resolution that can be tailored to the needs of their case.

If a case settles in whole or in part, the plaintiff shall advise the Court of the settlement by promptly filing a notice, and, if appropriate, a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41.

**9. Discovery.** Counsel are expected to comply with the directives of Local Civil Rule 26.2 and the Court's "Order for Initial Scheduling Conference."  Moreover, counsel are required to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention.  See LCvR 7(m).  If, in what should be the unusual situation, counsel are unable to resolve their dispute, counsel shall contact chambers to arrange for a telephone conference with the Court.  Counsel must resolve all discovery disputes or bring them to the Court's attention in a timely manner to allow sufficient time for the completion of discovery within the time set by the Court.  Counsel shall not file a discovery motion without prior consultation with opposing counsel.  Counsel are advised that if the Court is called upon to resolve such a motion, the non-prevailing party may be sanctioned pursuant to Federal Rule of Civil Procedure 37(a)(5).

**9. Rescheduling Hearings.**  Requests to reschedule hearings are strongly discouraged because of the inconvenience they cause to the Court.  If counsel seek to change a previously-scheduled hearing date, counsel must file a motion, at least four (4) days prior to the scheduled hearing,[10] that shows good cause and proposes four alternative dates and times that would be convenient for all parties in the case.  If counsel's suggested dates and/or times are not available on the Court's calendar, an alternative date and time of the Court's choosing will be selected.  In its discretion, the Court may later decide that a previously-scheduled hearing is not necessary, and

---

[10] If counsel cannot comply with this four-day requirement, they must explain why they cannot do so in their motion.

7

thereby remove the hearing from its calendar to decide the given matter on the papers presented by the parties, or reschedule the hearing to a later date.

In the event that the Court is closed or the opening time for the start of the Court's day is delayed because of inclement weather or an unforeseen emergency, cases that were scheduled to be heard during the times when the Court was closed or delayed will be rescheduled by the Courtroom Deputy Clerk.

**11. Motions for Extensions of Time.** Motions for extension of time are strongly discouraged. The parties should not expect the Court to grant extensions. The Court grants such motions only upon a showing of good cause, focusing on the diligence of the party seeking the extension and any prejudice to the moving party that may result if the Court denies the extension, as well as any prejudice to the non-moving party if the Court grants the extension. Each motion must include the following (otherwise it will not be considered by the Court):

**(a)** the number of previous extensions requested and granted to each party;

**(b)** the specific grounds for the motion, unless good cause precludes disclosure of those grounds;

**(c)** a statement of the effect that the Court's granting of the motion will have on all other previously-scheduled deadlines;

**(d)** in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested timeline for the filing of the opposition[11] and reply; and

**(e)** pursuant to Local Civil Rule 7(m), the moving party shall include a statement of opposing counsel's position on the motion. The Court will not entertain stipulations for extensions of time.

---

[11] The deadline for the opposition should be suggested only after consulting with opposing counsel.

**12. <u>Motions for Leave to File Under Seal.</u>** In addition to Local Civil Rule 5.1(h), the parties should not presume that entire documents will be permitted to be filed under seal, but instead should strive to redact only the information that cannot be disclosed on the public docket. Therefore, when filing a motion for leave to file under seal, the moving party must not only submit the unredacted version that it seeks to file under seal, but also submit a proposed redacted version of the document for public docketing, if possible.[12]

**13. <u>Motions for Summary Judgment.</u>** In addition to Local Civil Rule 7(h), the Court may strike submissions that fail to abide by the instructions below.

    **(a)** The moving party's statement of material facts shall be a short and concise statement, in numbered paragraphs, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain only one factual assertion in each numbered paragraph.

    **(b)** The party responding to a statement of material facts must (1) restate the movant's statement of undisputed material fact in numbered paragraphs, and (2) immediately following each numbered paragraph state the opponent's response to the stated fact.

    **(c)** If the responding party has additional facts that are not directly relevant to its response to any specific paragraph, it must identify such facts in consecutively numbered paragraphs at the end of its responsive statement of facts. If such additional factual allegations are made, the movant must file a responsive statement of its own with its reply brief.

    **(d)** If an opposition fails to include a separate concise statement of genuine disputed issues, or a response to the movant's statement of facts, or specific references to the parts of the

---

[12] This requirement is mandated by judicial policy against concealing information from the public unless absolutely necessary due to the vital public interest in open judicial proceedings.

record relied upon to support the statement or response, the Court may treat as conceded any such facts asserted in the movant's statement of facts.

**(e)** The parties must furnish precise citations to the portions of the record on which they rely; the Court need not consider materials not specifically identified. See Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

**14. Motions for Reconsideration.** Motions to alter or amend judgments (commonly known as "motions for reconsideration") are strongly discouraged. Such motions shall be filed only when the requirements of Federal Rule of Civil Procedure 59(e) and/or Federal Rule of Civil Procedure 60(b) are satisfied. If such a motion is filed, it shall not exceed ten (10) pages in length. Oppositions are limited to the same page restriction. Moreover, the Court will not entertain: (a) motions that simply reassert arguments previously raised and rejected by the Court; and (b) arguments that should have been previously raised, but are being raised for the first time in the motion for reconsideration.

**15. Citations.** All citations must be in accordance with the most recent edition of The Bluebook: A Uniform System of Citation. All citations to case authority should include exact page references. When case authority is cited in passing or as supplemental authority for a stated principle or rule, parenthetical descriptions of that case's holding should immediately follow. Further, when case authority is accessible only through online resources, either the Westlaw (preferred) or the LexisNexis citation must be provided.

**SO ORDERED** this 16th day of July, 2020.

REGGIE B. WALTON  
United States District Judge